IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| PRESLEY SPRINGER, <br> Plaintiff, <br> v. <br> MAZDA TOYOTA MANUFACTURING USA, INC., <br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

1. Plaintiff brings this action for damages, reasonable attorney fees, and costs against Defendant Mazda Toyota Manufacturing USA, Inc. ("Defendant" or "MTM") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Plaintiff seeks compensatory and liquidated damages, back pay, front pay, reinstatement, and other equitable relief for Defendant's discriminatory treatment, failure to accommodate his disability, and retaliation for exercising his FMLA rights.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12117(a). This Court has federal question jurisdiction over this action under these statutes, as this case involves claims arising under the Americans with Disabilities Act and the Family and Medical Leave Act.

3. Defendant resides and conducts business in this judicial district at 9000 Greenbrier Pkwy NW, Madison, AL 35756.

4. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court as a substantial part of the events giving rise to these claims occurred within the Northern District of Alabama.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 27, 2023, EEOC Charge Number 420-2024-00414.

6. The EEOC issued its Notice of Right to Sue on September 16, 2024. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

7. Plaintiff Presley Springer is a citizen of the United States of America and is subject to the jurisdiction of this Court.

8. At all times relevant to this action, Defendant Mazda Toyota Manufacturing USA, Inc. ("MTM" or "Defendant") was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District at 9000 Greenbrier Pkwy NW, Madison, AL 35756.

9. During all times relevant hereto, Defendant has employed more than five hundred (500) employees, well exceeding the fifteen (15) or more employees required for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10. At all times relevant to this action, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

11. During all times relevant hereto, Defendant has employed fifty or more employees within a 75-mile radius of Plaintiff's employment. Plaintiff is an

"eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 et seq., in that he had been employed with Defendant from January 4, 2022 to August 28, 2023, more than 12 months, and worked more than 1,250 hours in the 12 months preceding his requests for FMLA leave.

## FACTUAL ALLEGATIONS

12. Plaintiff began his employment with Defendant on January 4, 2022, as a vehicle tester in the Quality Control Department.

13. In this position, Plaintiff's duties included testing headlight aim, steering angle testing, airbag testing, brake force testing, and vehicle testing at highway speeds (70-80 mph) on a "roll drum".

14. On November 16, 2022, Plaintiff was diagnosed with Type 2 diabetes after presenting with a blood glucose level of 530 and an A1C level of 9.7, requiring emergency room treatment and IV insulin.

15. Plaintiff immediately informed Defendant of his diagnosis and requested reasonable accommodation in the form of intermittent time off.

16. In January 2023, Plaintiff's diagnosis was revised to Type 1 diabetes, a more serious condition requiring insulin shots 3-5 times daily.

17. Plaintiff's Type 1 diabetes substantially limits one or more of his major life activities, including but not limited to eating, metabolizing food, maintaining blood sugar levels, and vision.

18. On or about December 1, 2022, Plaintiff experienced a medical emergency with high blood sugar levels in the 400s, causing him to arrive two hours late to work. Despite the medical nature of his tardiness, Defendant issued Plaintiff a written warning.

19. In January 2023, after his Type 1 diabetes diagnosis by Dr. Joseph Tate, Plaintiff requested and was granted intermittent FMLA leave of 5 days per month to manage his condition.

20. In March 2023, Plaintiff's superior, John McGee, confronted Plaintiff about his medical alert necklace and ordered him to remove or tuck in the necklace in front of other employees, despite its critical medical purpose.

21. From May 9 to June 19, 2023, Plaintiff took FMLA leave to attend diabetic clinic classes and receive medical treatment from Dr. Tate and Tommy McClusky, NP.

22. Upon attempting to return to work on June 19, 2023, Plaintiff discovered his badge access had been denied. Despite Defendant's HR department

acknowledging this was the company's error with FMLA paperwork, Plaintiff was not permitted to return to work until June 26, 2023.

23. In July 2023, Plaintiff began using an Omnipod insulin pump to manage his diabetes.

24. In July 2023, Plaintiff was verbally disciplined for using his phone to check his blood sugar levels via his insulin pump.

25. On July 31, 2023, Plaintiff was diagnosed with COVID-19 and properly notified Defendant of his condition.

26. Plaintiff returned to work on August 8, 2023, and obtained a doctor's note on August 16, 2023, documenting his absence.

27. On August 17, 2023, when Plaintiff attempted to submit his medical documentation, Defendant refused to accept it.

28. On August 20, 2023, Defendant confiscated Plaintiff's badge.

29. On August 24, 2023, Plaintiff met with senior management regarding his employment status.

30. On August 28, 2023, Defendant terminated Plaintiff's employment.

31. As a direct result of Defendant's actions, Plaintiff has suffered lost wages and benefits as well as mental and emotional distress damages.

32. Although Defendant may purport to have legitimate non-discriminatory reasons for its actions, these reasons are pretextual. Defendant discriminated against Plaintiff because of his disability, failed to provide reasonable accommodations, created a hostile work environment, interfered with his FMLA rights, and retaliated against him for exercising those rights.

## CLAIMS FOR RELIEF

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

31. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

32. Plaintiff has a physical impairment, Type 1 diabetes, that substantially limits one or more major life activities including but not limited to eating, metabolizing food, maintaining blood sugar levels, and vision.

33. Plaintiff's Type 1 diabetes is a "disability" within the meaning of the ADA, as amended.

34. Defendant was aware of Plaintiff's disability, as evidenced by Plaintiff's disclosure of his condition, medical documentation provided to Defendant, and approved FMLA leave for diabetes management.

35. At all times relevant to this action, Plaintiff was a qualified individual with a known disability as defined in the ADA, as he could perform the essential functions of his job with reasonable accommodation.

36. Defendant discriminated against Plaintiff because of his disability by:

a. Disciplining him for tardiness related to his medical condition;

b. Ordering him to remove or conceal his medical alert necklace;

c. Refusing to allow him to keep his phone accessible to operate his insulin pump;

d. Refusing to accept his medical documentation; and

e. Terminating his employment.

37. Although Defendant may purport to have legitimate non-discriminatory reasons for its actions, these reasons are pretextual and designed to hide Defendant's discriminatory motive.

38. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of disability in

violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq.

39. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

39. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered lost wages and benefits, emotional distress, inconvenience, humiliation, and other indignities.

40. Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

### COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

41. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

42. Plaintiff has a physical impairment, Type 1 diabetes, that substantially limits one or more major life activities including but not limited to eating, metabolizing food, maintaining blood sugar levels, and vision.

43. Plaintiff's Type 1 diabetes is a "disability" within the meaning of the ADA, as amended.

44. Defendant was aware of Plaintiff's disability, as evidenced by Plaintiff's disclosure of his condition, medical documentation provided to Defendant, and approved FMLA leave for diabetes management.

45. At all times relevant to this action, Plaintiff was a qualified individual with a known disability as defined in the ADA, as he could perform the essential functions of his job with reasonable accommodation.

46. Defendant discriminated against Plaintiff because of his disability by:

a. Disciplining him for tardiness related to his medical condition;

b. Ordering him to remove or conceal his medical alert necklace;

c. Refusing to allow him to keep his phone accessible to operate his insulin pump;

d. Refusing to accept his medical documentation; and

e. Terminating his employment.

47. Although Defendant may purport to have legitimate non-discriminatory reasons for its actions, these reasons are pretextual and designed to hide Defendant's discriminatory motive.

48. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq.

49. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

50. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered lost wages and benefits, emotional distress, inconvenience, humiliation, and other indignities.

51. Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT III: FMLA RETALIATION

63. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

64. Plaintiff engaged in protected activity under the FMLA by:

a. Requesting and taking FMLA leave for his serious health condition;

b. Using approved intermittent FMLA leave; and

c. Attempting to submit medical documentation supporting his FMLA leave.

65. Defendant retaliated against Plaintiff for exercising his FMLA rights by:

a. Denying him access to the workplace upon return from FMLA leave;

b. Refusing to accept his medical documentation;

c. Confiscating his badge; and

d. Terminating his employment.

66. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and pattern of antagonism following Plaintiff's FMLA leave requests and usage.

67. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages including lost wages and benefits.

68. Defendant's retaliation against Plaintiff was willful, entitling Plaintiff to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

   (a)  Grant Plaintiff a jury trial on all issues so triable;

(b) Award Plaintiff back pay and benefits, plus interest thereon, for all earnings and benefits Plaintiff would have received but for Defendant's discriminatory and unlawful conduct;

(c) Award Plaintiff front pay and benefits in lieu of reinstatement;

(d) Award Plaintiff compensatory damages for mental and emotional suffering caused by Defendant's misconduct;

(e) Award Plaintiff liquidated damages under the FMLA for Defendant's willful violations thereof;

(f) Grant declaratory relief declaring that Defendant's actions violated Plaintiff's rights under the ADA and FMLA;

(g) Grant injunctive relief prohibiting Defendant from engaging in further discriminatory conduct and requiring Defendant to implement policies and procedures to prevent such conduct;

(h) Award Plaintiff reasonable attorneys' fees and costs of this action as provided by the ADA and FMLA;

(i) Award prejudgment and post-judgment interest as provided by law; and

(j) Award such other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of December, 2024.

**<u>BARRETT & FARAHANY</u>**

<u>*/s/ Constance Cooper*</u>
Constance Cooper
Georgia Bar No. 469041

Counsel for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
constance@justiceatwork.com